UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY CHAPONES, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>CARGILL INCORPORATED,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Civil Case No.:<br>**1:23-cv-38 (DNH/DJS)** |

Plaintiff, ANTHONY CHAPONES, ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, The Towne Law Firm, P.C., complaining of the Defendant CARGILL INCORPORATED ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and all other similarly situated current and former employees of Defendant who were employed as hourly-paid workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law §191. Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

2. This court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §1332(d) because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

3. The members of the proposed class are citizens of states different from that of Defendant.

4. There are at least 100 members in this proposed class.

5. Defendant is subject to personal jurisdiction in New York.

6. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## PARTIES

7. Plaintiff is a resident of the State of New York.

8. At all times relevant, Plaintiff was an "employee" within the meaning of New York Labor Law §190(2) and a "manual worker" within the meaning of New York Labor Law §190(4).

9. Defendant is a corporation organized and existing under the laws of the State of Delaware with corporate headquarters located in Wayzata, Minnesota.

10. At all times relevant, Defendant was an "employer" within the meaning of New York Labor Law §190(3).

## FACTUAL ALLEGATIONS

11. Defendant is a global food corporation, which purchases and distributes grain and other food products in New York.

12. Upon information and belief, Defendant employs workers at more than five (5) separate locations in the State of New York.

13. Plaintiff began his employment with Defendant on or about January 18, 2022 at its Albany, New York location.

14. Plaintiff was employed by Defendant as a Pellet Mill Operator, an hourly-paid, manual worker who operated the pellet mill, received and loaded bulk, checked and recorded inventory and filled out paperwork to account for all these physical duties.

15. Plaintiff was never given a copy of the employee manual after initially being asked to read it on site during orientation and was not allowed to keep it for further reference.

16. Defendant failed to pay Plaintiff and similarly situated workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Instead, Defendant paid Plaintiff and similarly situated manual workers on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law §191.

17. On or about October 27, 2022, Plaintiff notified Defendant by letter of this failure to pay timely.

18. Upon information and belief, Defendant is not listed by the New York Labor Department as an approved employer exempt from this obligation and as of present date has not provided documentation to show this is inaccurate.

19. A list of approved exempt employers, current as of January 4, 2023, is attached hereto as Exhibit A.

20. Due to Defendant's failure to respond meaningfully to Plaintiff's concerns, he resigned from employment with Defendant on November 11, 2022.

21. When Plaintiff separated from his employment, he was not paid out the four (4) days of paid time off that he was entitled to, as Cargill did not have a written policy regarding the same.

22. Plaintiff was made aware of his remaining paid time off by his manager.

23. Plaintiff had been told by this manger that paid time off was to be paid out.

24. Upon information and belief, Defendant had previously paid out accrued vacation time to other employees who had resigned.

## RULE 23 CLASS ACTION ALLEGATIONS NEW YORK STATE LABOR LAW

25. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently or have been employed by the Defendant as hourly paid manual workers in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or "Class Members").

26. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P Rule 23.

27. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of the Defendant, upon information and belief there are at least one hundred (100) individuals who are currently, or have been, employed by the Defendant as hourly-paid manual workers at any time during the six (6) years prior to the filing of this Complaint.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law § 191; whether Plaintiff and Class Members are entitled to liquidated damages; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

29. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff and Class Members "on weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

30. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

31. Plaintiff is also able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the contest of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

33. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

34. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

35. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Class Members)**

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

38. Pursuant to New York Labor Law §191, Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and not later than seven (7) days after the end of the workweek in which the wages were earned.

39. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of the law.

40. Due to Defendant's violations of the Law, Plaintiff and the Class Members are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorney's fees and costs, and pre-judgment and post-judgment interest as provided for by New York Labor Law §198.

**SECOND CAUSE OF ACTION**
**Failure to Pay Vacation Time**
**(Brought on behalf of Plaintiff)**

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Pursuant to Plaintiff's employment agreement, Defendant agreed to pay Plaintiff for sixteen (16) days of vacation time.

43. Upon Plaintiff's resignation he still had four (4) days of vacation time remaining as expressed to him by his manager.

44. To date, Defendant has not paid Plaintiff for those vacation days.

45. Defendants breached its agreement to pay accrued unused vacation time to Plaintiff in violation of New York Labor Law Article 6, §190, et seq. (including §§) 190(1), 193, 198(3) and 198(1-a)).

46. Plaintiff may recover vacation pay under § 198 of the New York Labor Law, because vacation pay is covered under the definition of "wages."

47. For failing to pay Plaintiff's accrued unpaid vacation pay, Defendant is liable in an amount to be determined at trial, together with, inter alia, liquidated damages under New York Labor Law §§ 193, 198(3) and 198(1-a).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff individually, and on behalf of all other similar persons, respectfully requests that this Court grant the following relief:

A. Certification of a Class Action pursuant to F.R.C.P. 23;

B. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

C. Issuance of an order restraining Defendant from any retaliation against Plaintiffs Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

D. Liquidated damages permitted by law pursuant to the NYLL;

E. Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

F. Pre-judgment and post-judgment interest as permitted by law; and

G. Such other relief as this Court deems just and proper.

Dated: Albany, New York
January 10, 2023

Respectfully submitted,

THE TOWNE LAW FIRM, P.C.

By: _____
James T. Towne, Jr., Esq.
*Attorneys for the Plaintiff*
Bar Roll No.: 601203
P.O. Box 15072
500 New Karner Road
Albany, New York 12212-5072
Tel. No.: (518) 452-1800

8