UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDDIE FLORES,
on behalf of himself and all
other persons similarly situated,

        Plaintiff,

   -v-                     1:23-cv-38

CARGILL INCORPORATED,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

THE TOWNE LAW FIRM, P.C.      JAMES T. TOWNE, JR., ESQ.
Attorneys for Plaintiff             RYAN L. ABEL, ESQ.
500 New Karner Road, PO Box 15072
Albany, NY 12212

FAEGRE DRINKER BIDDLE &      DANIEL H. DORSON, ESQ.
   REATH LLP                        GERALD T. HATHAWAY, ESQ.
Attorneys for Plaintiff             MATTHEW FONTANA, ESQ.
1177 Avenue of the Americas
New York, NY 10036

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On January 10, 2023, Anthony Chapones filed this putative class action against Cargill Incorporated ("Cargill" or "defendant"). Dkt. No. 1. On February 22, 2023, an amended complaint was filed, substituting Freddie Flores ("Flores" or "plaintiff") as the named plaintiff. Dkt. No. 5. Plaintiff's amended complaint asserts that defendant violated New York Labor Law ("NYLL") § 191 by failing to pay him, and the putative class members, timely wages. *Id.*

On April 7, 2023, Cargill moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). Dkt. No. 16. The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

Flores alleges that during his employment with Cargill as a manual worker, defendant paid him, and the putative class members, untimely wages in violation of NYLL § 191. Compl. ¶¶ 14–15. According to plaintiff, defendant's payments were untimely because defendant paid him, and the

putative class members, bi-weekly instead of weekly, and without express authorization from the New York State Department of Labor. *Id.* ¶¶ 15, 17.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable

inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV.  DISCUSSION

Flores' one-count amended complaint asserts that Cargill paid him, and the putative class members, untimely wages in violation of NYLL § 191. *See* Compl. ¶¶ 30–34. Defendant seeks dismissal of plaintiff's amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). *See* Def.'s Mem., Dkt. No. 16-1 at 3.[1]

A court faced with a motion pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and as such, an exercise of jurisdiction. *Kumpf v. N.Y. State United Tchrs.*, --F. Supp. 3d--, 2022 WL 17155847, at *4 (N.D.N.Y. Nov. 22, 2022) (citation omitted). Therefore, Cargill's Rule 12(b)(1) motion will be addressed first.

---

[1] Pagination corresponds to CM/ECF.

A. **Standing**

Cargill first seeks dismissal of Flores' amended complaint pursuant to Rule 12(b)(1) on the basis that plaintiff lacks standing to pursue his NYLL § 191 claim. Def.'s Mem. at 7–9. According to defendant, plaintiff has not properly alleged that "Cargill's purported violations of § 191(1)(a) caused him any concrete harm." *Id.* at 7.

"Article III, Section 2 of the Constitution limits the subject-matter jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) (citing *Dhinsa v. Krueger*, 917 F.3d 70, 77 (2d Cir. 2019)). "The doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (cleaned up).

The Supreme Court has "established that the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *SM Kids, LLC*, 963 F.3d at 211 (cleaned up).

The instant motion concerns only the injury in fact component of standing. *See* Def.'s Mem. at 7–9. To establish an injury in fact, a plaintiff "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). "To be concrete, an injury must actually exist, that is, it must be real, and not abstract." *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016) (cleaned up).

Flores alleges that Cargill violated NYLL § 191 by paying him and the putative class members on a bi-weekly basis. Compl. ¶¶ 15–17, 33–34. Pursuant to NYLL § 191, employers are required to pay manual workers on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned, unless the New York Department of Labor authorizes the employer to pay less frequently. *Id.* ¶ 32; *see also* NYLL § 191(1)(a)(i).

Courts in this Circuit "have held that workers paid on an untimely basis necessarily incur a concrete harm due to the time value of money and thus have standing to claim damages" under NYLL § 191, together with the remedial provisions of NYLL § 198. *Ramirez v. Urion Constr. LLC*, --F. Supp. 3d--, 2023 WL 3570639, at *6 (S.D.N.Y. May 19, 2023) (collecting cases). As the Court in *Levy v. Endeavor Air Inc.* explained, "the loss of the time value of

the money owed to plaintiff is not a harm that *might* occur, but one that *has* occurred; it is not a harm that *might* materialize, but one that *has* materialized." --F. Supp. 3d--, 2022 WL 16645829, at *4 (E.D.N.Y. Nov. 1, 2022).

While Flores does not specifically allege that the temporary deprivation of money resulted in a loss of the time value of money, for purposes of this motion to dismiss, plaintiff's allegations are sufficient to establish an injury in fact. Plaintiff "need not, as defendant suggests, spell out how the time value of money, as an economic theory, applies to their case." *Levy*, 2022 WL 16645829, at *4. "It does apply; the delay in payment alleged, due to defendant's unlawful rate-of-payment practices, necessarily means that plaintiff[] [was] forced to wait to receive money that, as compared with when they should have received it, was, when [he] did receive it, worth less." *Id.* (citing *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)).

Nor does Flores need to detail how he would have spent his wages had they been received on a weekly basis. *See Levy*, 2022 WL 16645829, at *4; *Petrosino v. Fastenal Co.*, 2023 WL 3496362, at *4 (N.D.N.Y. May 17, 2023); *Gillett v. Zara USA, Inc.*, 2022 WL 3285275, at *7 (S.D.N.Y. Aug. 10, 2022). Indeed, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are

- 7 -

necessary to support a claim." *Lujan*, 504 U.S. at 561 (cleaned up); *see also Espinal v. Sephora USA, Inc.*, 2022 WL 16973328, at *4 (S.D.N.Y. Nov. 16, 2022), *report and recommendation adopted,* 2023 WL 2136392 (S.D.N.Y. Feb. 21, 2023). Thus, while plaintiff's allegations can fairly be described as thin, dismissal under Rule 12(b)(1) at this early stage of the litigation is unwarranted.[2] *See Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022). Accordingly, Cargill's motion to dismiss for lack of standing shall be denied.[3]

## B. Private Right of Action

Next, Cargill advocates for dismissal of Flores' amended complaint pursuant to Rule 12(b)(6) on the basis that NYLL § 191 does not afford plaintiff a private right of action. Def.'s Mem. at 9–21.

As noted *supra*, NYLL § 191 provides that employers are required to pay manual workers on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned, unless the New

---

[2] The district court cases on which Cargill relies, *Rath* v. *Jo-Ann Stores*, 2022 WL 3701163 (W.D.N.Y. Aug. 26, 2022), and *Rosario* v. *Icon Burger Acquisition LLC*, 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022), "are outliers in requiring more particularized allegations and are inconsistent with the familiar pleading standard." *Nunez v. Exec. Le Soleil New York LLC*, 2023 WL 3319613, at *4 (S.D.N.Y. May 9, 2023) (citation omitted).

[3] Flores' opposition requests that "if this Court finds that [p]laintiff has not adequately pleaded facts sufficient to establish this Court's subject matter jurisdiction, then [p]laintiff respectfully submits that this Court should grant [p]laintiff's Cross-Motion to amend his Amended Complaint to include the necessary factual allegations to establish such subject matter jurisdiction." Pl.'s Opp'n, Dkt. No 19-1 at 4. As it has been determined that dismissal for lack of standing is unwarranted, plaintiff's attempt to cross-move to amend need not be addressed.

- 8 -

York Department of Labor authorizes the employer to pay less frequently. NYLL § 191(1)(a)(i). Under NYLL § 198(1-a), when an employee prevails after instituting a wage claim:

> the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest . . . and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

NYLL § 198(1-a).

In *Vega v. CM & Assocs. Constr. Mgmt., LLC*, the First Department held that NYLL § 198(1-a) expressly provides a private right of action for violations of NYLL § 191. 175 A.D.3d 1144, 1145–46 (1st Dep't 2019). The Court reasoned that the late payment of wages constitutes "underpayment" for purposes of the statute even if the employee was fully paid prior to bringing a claim. *Id.*

Cargill advocates for rejecting the holding in *Vega*. Def.'s Mem. 9–21. "To do so, this Court would have to be convinced that the highest court of the state is likely to reject *Vega*'s reasoning." *Rankine v. Levi Strauss & Co.*, --F. Supp. 3d--, 2023 WL 3582323, at *5 (S.D.N.Y. May 22, 2023). Although federal courts applying state law are not strictly bound by state intermediate

appellate courts, rulings from such courts are a basis for ascertaining state law, which is not to be disregarded by a federal court, unless it is convinced by persuasive data that the highest court of the state would decide otherwise. *Id.* (citing *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)). "In the absence of such data, or other contrary authority, federal courts applying state law are generally obliged to follow the state law decisions of state intermediate appellate courts." *Id.* (cleaned up).

Cargill maintains that *Vega* was wrongly decided. *See* Def.'s Mem. at 9–21. According to defendant, *Vega* is "wholly inconsistent with the legislative history of § 198(1-a)." *Id.* at 12. In particular, defendant asserts that a comprehensive review of the legislative history of NYLL § 198(1-a) clearly indicates that the remedies of NYLL § 198(1-a) are intended to compensate employees for unpaid wages, not untimely or late payments. *Id.* at 9–17.

Upon review, Cargill's argument must be rejected. The Court of Appeals could reasonably find that *Vega*'s interpretation of NYLL § 191 and NYLL § 198 comports with the basic policies underlying the statutes. Indeed, the purposes of NYLL § 191 and NYLL § 198 "are to protect employees who are 'dependent upon their wages for sustenance' and deter labor law violations." *Mabe v. Wal-Mart Assocs., Inc.*, 2022 WL 874311, at \*7 (N.D.N.Y. Mar. 24, 2022) (quoting *Vega*, 175 A.D.3d at 1146)). Thus, "[g]iven the importance the legislature attached to the timely payment of wages, it would 'promote the

legislative purpose of the statute' to recognize a private right of action." *Beh v. Cmty. Care Companions Inc.*, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, 2021 WL 3914320 (W.D.N.Y. June 23, 2021); *see also Rankine*, 2023 WL 3582323, at *6 (finding unpersuasive the argument that *Vega* is inconsistent with the legislative history of NYLL § 191 and NYLL § 198(1-a)).

Without more, Cargill has failed to present any persuasive reason "why this Court should depart from the myriad decisions in this Circuit that have followed *Vega* in finding a private right of action to enforce Section 191." *Gillett*, 2022 WL 3285275, at *11; *see also Caul v. Petco Animal Supplies, Inc.*, 2021 WL 4407856, at *3 (E.D.N.Y. Sept. 27, 2021) (noting that since *Vega*, "every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law"). As such, defendant's argument that *Vega* was wrongly decided and that there is no express private right of action under NYLL § 191 must be rejected. Accordingly, defendant's motion to dismiss Flores' complaint shall be denied.[4]

---

[4] In concluding that Cargill has failed to provide persuasive evidence that the New York Court of Appeals would reject *Vega*'s holding that there is an express private right of action for violations of NYLL § 191, defendant's argument that an implied private right of action does not exist need not be addressed. *See Rath v. Jo-Ann Stores, LLC*, 2022 WL 17324842, at *8–9 (W.D.N.Y. Nov. 29, 2022). Nonetheless, the Court finds that defendant has failed to provide persuasive evidence that the New York Court of Appeals would reject *Vega*'s finding that an implied right of action exists. *See Harris v. Old Navy, LLC*, 2022 WL 16941712, at *7 (S.D.N.Y. Nov. 15, 2022), *report and recommendation adopted*, 2023 WL 2139688 (S.D.N.Y. Feb. 20, 2023).

## V. **CONCLUSION**

Therefore, it is

ORDERED that

1. Defendant's motion to dismiss is DENIED;

2. Plaintiff's cross-motion to amend is DENIED; and

3. Defendant shall file and serve an answer to the amended complaint on or before Friday, July 14, 2023.

The Clerk of The Court is directed to terminate the pending motion.

IT IS SO ORDERED.

Dated: June 27, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge